IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION DOUGLAS MEMMOTT,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF SOCIAL SERVICES, LINCOLN COUNTY, et al.,<br><br>Defendants. | No. 2:23-CV-2383-DAD-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the original complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter

1

whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. See ECF No. 1. Plaintiff names twenty-three defendants, but only alleges actions by the following defendants: (1) the Department of Social Services of Lincoln County, North Carolina ("LCDSS"); (2) LCDSS Social Worker Kelly Pendleton; (3) LCDSS Program Manager Mendie Kelly; and (4) LCDSS Legal Counsel Jessica Fielding Yelverton. See id. at 1. LCDSS Director Matthew Hillman and LCDSS Board Members Chrystal Hoyle, Sherry Hoyle, Jill Eaddy, Daphne, Ingram, and Cathy Davis are also mentioned in the complaint, although Plaintiff claims of their involvement are purely speculative. See id. at 12.

The complaint involves two minors: Ryan Robert Harris, who was twelve years old at the time of the complaint and Faith Leigh Harris, who was five years old at the time of the complaint. See id. at 4. Plaintiff is married to the children's mother, Amanda Harris, and both children had previously lived with and had been cared for by Plaintiff in Chico, California. See id. Both children at some point moved to North Carolina to live with their mother and their maternal grandmother, Donna Harris. See id. at 6. On March 9, 2023, Ryan Harris returned to Chico to live with Plaintiff. See id. at 14. On April 3, 2023, Faith Harris also returned to Chico to live with Plaintiff. See id. at 15.

On March 17, 2023, LCDSS began an investigation into the children's living conditions in North Carolina. See id. at 62-69. On April 6, 2023, LCDSS sent Amanda Harris a letter stating they had completed a family assessment and determined there was no need for services. See id. at 49. On that same day, LCDSS filed a petition with the state court in North Carolina, containing several statements that Plaintiff allege are untrue and were purposely made by Defendants Kelly Pendleton and Mendie Kelly. See id. at 9-10. The petition led to the state court granting an order for nonsecure custody. See id. at 59.

/ / /

/ / /

On April 6, Defendants Kelly Pendleton and Mendie Kelly contacted the Butte County Child Protective Services intake and reported that Faith Harris was not allowed to leave North Carolina and requested that Butte County go to Plaintiff's residence, serve him with the nonsecure order, and instruct him to return Faith Harris to LCDSS by April 10. See id. at 71-72. Plaintiff alleges that factual information in this letter was falsified. See id. at 15-16. On April 7, two social workers from the Butt County Department of Social Services and two members of the Butte County Sherriff's Department arrived at Plaintiff's residence. See id. at 16. After an investigation, the social workers determined that the children were safe under Plaintiff's care and informed LCDSS as such. See id. at 16-17. Plaintiff and one of the Butte County social workers determined that Plaintiff should take both children to North Carolina to sort out the matter. See id. at 18.

On April 9, Plaintiff began driving for North Carolina with both children and informed LCDSS. See id. On April 11, Plaintiff called LCDSS and informed them that he was in Mesquite, Nevada, and intended to continue to North Carolina. See id. LCDSS personnel and Defendant Jessica Yelverton instructed Plaintiff to return the children to California. See id. at 19. While Plaintiff was on his trip home, LCDSS called in an Amber Alert claiming that Plaintiff had abducted Faith Harris. See id. at 20. Plaintiff alleges that this Amber Alert was unwarranted. See id.

At 10:00 p.m., Plaintiff reached Williams, California, and checked himself and the children into a motel and informed a Butte County social worker. See id. at 20. At approximately 11:00 p.m., approximately fifteen law enforcement officers arrived at the motel. See id. at 21. At approximately 1:00 a.m., a social worker from the Colusa County Department of Social Services arrived and took custody of Faith Harris. See id. Plaintiff's brother arrived and took Ryan Harris to the brother's home in Willows, California. See id. at 21-22. Plaintiff was then arrested and taken into custody at the Colusa County Jail. See id. at 22. While in jail, Ryan Harris was taken from the brother's home and both he and Faith Harris were transported back to North Carolina. See id. at 22-23.

///

Plaintiff raises seven causes of action. Claim (1) alleges intentional infliction of emotional distress by Defendants on behalf of Plaintiff, Ryan Harris, Faith Harris, Amanda Harris, and Donna Harris by unlawfully depriving Plaintiff of custody of the children. See id. at 35-40. Claims (2) and (3) allege that Defendants defamed Plaintiff and cast him in a false light by falsely claiming that Plaintiff abducted the children when they issued the Amber Alert. See id. at 40-42. Claims (4), (5), and (6) allege "Denial of the Right to Due Process," id. at 42; "Actions in violation of the RICO Statutes," id.; and "Violation of 42 U.S.C. § 1983", id. at 43, respectively. All three of these claims offer only conclusory statements and do not allege specific actions by any defendants. Claim (7) alleges tortious interference with parental and/or custodial rights based on Defendants' actions in depriving Plaintiff of custody of the children. See id. at 43-44. Plaintiff seeks injunctive relief in the form of a court order to prevent further contact with the children by Defendants. See id. at 25-32. Plaintiff further seeks monetary damages totaling twenty-five million dollars. See id. at 34-35.

## II. DISCUSSION

The Court finds that Plaintiff's complaint suffers from two key defects. First, Plaintiff has not presented facts sufficient to determine if this Court has jurisdiction over Plaintiff's claims involving custody of the children, which are potentially barred by either the Rooker-Feldman or Younger abstention doctrines. Second, Plaintiff lacks standing to bring claims against Defendants on behalf of third parties. Plaintiff will be required to file a first amended complaint.

**A.   Jurisdiction**

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp.,

544 U.S. 280 (2005).

To the extent state court proceedings are ongoing, this action may be barred under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).  Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). While Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court, see Younger, 401 U.S. at 49-53, the doctrine has subsequently been extended to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a state's interest in enforcing the orders and judgments of its courts. . . ," See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 70 (2013) (citations and quotations omitted). To warrant Younger abstention, a state civil action must fall into one of the above categories.

Claims under 42 U.S.C. § 1983 that turn on alleged violations of constitutional rights arising in the course of ongoing state court proceedings also implicate the same grounds for abstention. Gilbertson, 381 F.3d at 979-980. Therefore, in civil cases, Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014).  Claims under 42 U.S.C. § 1983 that turn on alleged violations of constitutional rights arising in the course of ongoing state court proceedings also implicate the same grounds for abstention. Gilbertson, 381 F.3d at 979-980. Therefore, in civil cases, Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. ReadyLink, 754 F.3d at 759.

/ / /

/ / /

Moore v. Sims, 442 U.S. 415 (1979) is illustrative. In Moore, parents challenged the constitutionality of parts of the Texas Family Code that permitted removal of their children following allegations of child abuse. Id. at 418-20. Prior to the parents' action, the state had initiated proceedings alleging child abuse, leading to an investigation and subsequent custody hearings. See id. The Supreme Court ultimately determined that the Federal District Court should not have exercised jurisdiction in the matter and should have abstained under Younger. Id. at 423-35.

Given Plaintiff's claims regarding custody proceedings in state court, it is possible this action is barred the abstention doctrine. Plaintiff will be provided an opportunity to amend the complaint to set forth specific facts related to the state custody cases. For Claims (1) and (4) through (7), involving detention or custody of Ryan Harris and Faith Harris, Plaintiff should include whether those custody cases have been concluded and, if so, to what result. For claims involving misconduct by state officials, Plaintiff should also include any facts related to efforts made in the context of the state court proceedings to raise the issues claimed in this action.

**B.      Third-Party Standing**

Ordinarily, a party may not rest his claim on the legal rights of third parties. Sessions v. Morales-Santana, 137 U.S. 1678, 1689 (2017) (citing Warth v. Seldin, 422 U.S. 490, 499). The Court may recognize an exception where "the party asserting the right has a close relationship with the person who possesses the right [and] there is a hinderance to the possessor's ability to protect his own interests." Id. (quoting Kowalski v. Tesmer, 543 U.S. 125, 130).

Claim (1) is brought on behalf of Plaintiff, Ryan Harris, Faith Harris, Amanda Harris, and Donna Harris. The Court finds that claims on behalf of Ryan Harris and Faith Harris fail to meet the close relationship requirement because the children are not Plaintiff's biological offspring and Plaintiff has not allege any legal relationship to the children. The Court further finds that claims on behalf of Amanda Harris and Donna Harris fail to meet the hinderance requirement because, as adults and, in the case of Amanda Harris, the mother of the children, they are capable of protecting their own interests. Accordingly, Plaintiff may only bring claims on his own behalf.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 28, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE