IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION DOUGLAS MEMMOTT, | No. 2:23-CV-2383-DAD-DMC |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF SOCIAL SERVICES, LINCOLN COUNTY, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's first amended complaint, ECF No. 5.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether

it has subject-matter jurisdiction.

Plaintiff identifies thirty-three potential Defendants, including ten yet to be identified social workers and/or employees of the Lincoln County Department of Social Services in North Carolina ("LCDSS"). See ECF No. 5, pg. 2.  According to Plaintiff, Defendant LCDSS determined no child protective services were necessary for minors Ryan and Faith Harris and closed the Child Protective Service investigation of Plaintiff. See id. at 7. Plaintiff contends that, despite that determination, six days later LCDSS employees took the minors from Plaintiff, moving them from California to North Carolina to place them into foster care without a custody order. See id. at 12-14.

The Court concludes that it has subject matter jurisdiction and thus, the complaint is appropriate for service by the United States Marshal without pre-payment of costs.  If Plaintiff desires service of process by the United States Marshal without pre-payment of costs, Plaintiff must comply with the requirements outlined below.  Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall issue a summons in a civil case, the undersigned's new case documents, and an order setting this matter for an initial scheduling conference;

2. The Clerk of the Court shall send Plaintiff the summons, 33 USM-285 forms, and a copy of the first amended complaint;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3. Within 15 days from the date of this order, Plaintiff shall complete the summons by indicating the addresses of the named Defendants and shall submit to the United States Marshal at the address indicated below the following documents:

    a. The completed summons;

    b. One completed USM-285 form for each named Defendant (total of 33 completed forms);

    c. 34 copies of the complaint; and

    d. 33 copies of the court's initial scheduling conference order issued herewith;

4. Within 20 days of the date of this order, Plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that Plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

5. If Plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the Defendants at the addresses provided by Plaintiff; and

6. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

Dated: January 30, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE