UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION DOUGLAS MEMMOTT,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF SOCIAL SERVICES,<br>LINCOLN COUNTY, et al.,<br><br>Defendants. | No.  2:23-cv-02383-DAD-DMC (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. Nos. 26, 34) |

Plaintiff Orion Douglas Memmott  is proceeding *pro se* and *in forma pauperis* in this civil action which they initiated by the filing of the original complaint in this court on October 19, 2023.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 26) be granted in part with plaintiff also being granted leave to amend.  (Doc. No. 34.)  Specifically, the magistrate judge concluded that while plaintiff's first amended complaint "alleges sufficient facts to establish personal jurisdiction" over the named defendants in this court, the complaint failed to adequately allege facts linking the named defendants to the specific actions about which plaintiff complains.  (*Id.* at 9–13.)  The magistrate judge, nonetheless, concluded that defendants' motion to dismiss should

1

be denied to the extent it was based on the argument that the Eastern District of California was an improper venue. (*Id.* at 12.)  Accordingly, the magistrate judge recommended that defendants' motion to dismiss be granted and that plaintiff be granted leave to file a second amended complaint. (*Id.*)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 14.)  On September 3, 2025, defendants filed objections to the pending findings and recommendations. (Doc. No. 35.)  On September 18, 2025, plaintiff filed a reply defendants' objections. (Doc. No. 38.)  In their objections defendants argue that the plaintiff should not be granted further leave to amend, that the court lacks personal jurisdiction over defendants, and even if personal jurisdiction was not lacking the Eastern District of California is an improper venue. (Doc. No. 35 at 6–15.)  On these grounds defendants argue that the dismissal of plaintiff's first amended complaint should be without leave to amend. (*Id.* at 16.)  The undersigned does not find that defendants' objections provide a basis upon which to reject the magistrate judge's recommendation that their motion to dismiss be granted in part with the *pro se* plaintiff being granted leave to amend with the court's guidance.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including defendant's objections and plaintiff's reply thereto, the court concludes that the recommendation set forth in the findings and recommendations is supported by the record and by proper analysis.

Accordingly:

1.     The findings and recommendations issued on August 20, 2025 (Doc. No. 34) are adopted;

/////

/////

/////

/////

/////

2

2.    Defendants' motion to dismiss (Doc. No. 26) is granted in part and denied in part and plaintiff is granted leave to file a second amended complaint within twenty-one (21) days of the service of this order[1]; and

3.    This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **March 24, 2026**

_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] In light of the adoption of the recommendation of dismissal of the first amended complaint with leave to amend, the court need not further address at this time the analysis set forth in the pending findings and recommendations.  Plaintiff is cautioned, however, that in any second amended complaint he may elect to file he should include all allegations he can in good faith assert with respect to the specific actions he claims each named defendant took in California which give rise to this action, including the details (date, time, place, etc.) surrounding those actions he alleges were taken in California.

3