**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ORION DOUGLAS MEMMOTT,

Plaintiff,

v.

DEPARTMENT OF SOCIAL SERVICES, LINCOLN COUNTY, et al.,

Defendants.

No. 2:23-CV-2383-DAD-DMC

ORDER

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's motions for sanctions. See ECF Nos. 46 and 49.[1]

Plaintiff's request for sanctions at ECF No. 46 does not cite to any specific authority for sanctions, though the motion at ECF No. 49 specifically cites Federal Rule of Civil Procedure 11 as the statutory basis for sanctions. Given that both motions argue that Defendants' motion to dismiss was interposed for an improper purpose, the Court will analyze both motions under Rule 11.

/ / /

/ / /

[1] Plaintiff's motion at ECF No. 46 is submitted as part of his brief in opposition to Defendants' motion to dismiss.

Rule 11 requires that every pleading, motion, or other paper filed with the Court not be presented for an improper purpose, be supported by existing law or a nonfrivolous argument for its extension, and be accompanied by evidence or likely evidentiary support. See Fed. R. Civ. P. 11(b). Sanctions under Rule 11 are an extraordinary remedy and should only be imposed with extreme caution. See Operating Eng'rs Pension Tr. V. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988) (en banc). For a legal position to be frivolous for purposes of Rule 11, it must be clear from existing precedents that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands. See Strom v. United States, 641 F.3d 1051, 1059 (9th Cir. 2011). Imposition of sanctions under Rule 11 requires a showing of subjective bad faith. See Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991).

Here, Defendants' motion to dismiss was premised on two arguments. First, Defendants argued a lack of personal jurisdiction. See ECF No. 43. Second, Defendants argue that they are entitled to various immunities. See id. Both issues are well grounded in existing law and the Court finds no evidence that Defendants' motion was presented in bad faith. To the contrary, Defendants' counsel had a professional obligation to their clients to raise the arguments raised. The Court disagrees with Plaintiff that Defendants' motion to dismiss was foreclosed by the District Judge's March 24, 2026, order granting in part and denying in part Defendant's prior motion to dismiss. To the contrary, the District Judge's order found defects in the original complaint and directed the filing of an amended complaint, which in turn prompted Defendants' second motion to dismiss. Nothing in the Cout's prior orders precluded Defendants from challenging the amended complaint filed following the March 24, 2026, order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for sanctions, ECF Nos. 46 and 49, are DENIED.

Dated: July 15, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE